**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Walmart Inc.*
*(incorrectly named as Walmart Stores Inc., Wal Mart Stores East Inc., Wal-Mart Stores East I, LP and Walmart Associates Inc.)*

| | |
|---|---|
| ALICIA ARNONE,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>WALMART INC., WALMART STORES INC., WAL MART STORES EAST INC., WAL-MART STORES EAST I, LP, WALMART ASSOCIATES INC., JOHN DOE 1-5, MARY DOE 1-5, DOE CORPORATION 1-5,<br><br>　　　　　　　Defendant(s). | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Walmart" and incorrectly named as Walmart Stores Inc., Wal Mart Stores East Inc., Wal-Mart Stores East I, LP and Walmart Associates Inc.), a Delaware corporation with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey, based upon the following:

　　　　1.　　On or about May 10, 2021, Plaintiff Alicia Arnone commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, entitled ALICIA ARNONE vs. WALMART INC., WALMART STORES INC., WAL MART STORES EAST INC., WAL-MART STORES EAST I, LP, WALMART ASSOCIATES INC., JOHN DOE 1-5, MARY DOE 1-5, DOE CORPORATION 1-5, Docket No. BER-L-3051-21 (the "Complaint").

2.    According to the Affidavits of Service provided by Plaintiff's counsel on July 7, 2021, the Summonses, Complaint (which includes discovery requests) and Case Information Statement were served on Walmart on May 13, 2021.

3.    May 13, 2021 was the first date on which Walmart received a copy of the Summonses, Complaint and Case Information Statement through service or otherwise.

4.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summonses, Complaint and Case Information Statement, which constitute all process, pleadings and orders served upon Walmart is attached hereto as Exhibit "A".  Additionally, a true and correct copy of the Affidavits of Service referred to in Paragraph 2 are attached hereto as Exhibit "B".

5.    This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6.    Based upon the allegations in the Complaint, Plaintiff is a resident and citizen of the State of New Jersey, residing in Leonia, New Jersey.

7.    Walmart is a corporation organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  As such, Walmart is not a citizen of the State of New Jersey.

8.    Diversity of citizenship existed among the parties when the Complaint was filed on or about May 10, 2021.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

9.    The Complaint alleges that on or about June 3, 2019, Plaintiff Alicia Arnone was lawfully on the premises at the Walmart store located at 174 Passaic Street, Garfield, New Jersey,

when she "was caused to slip and fall on a wet greasy substance in the isle (sic), sustaining serious personal injuries." Complaint, ¶ 11.  The Complaint also alleges that Plaintiff "was severely and permanently injured, suffered severe shock to her nervous system, has suffered and in the future will suffer great pain, was unable to attend her usual occupation and activities and has, is and will in the future be compelled to expend large sums of money in an effort to cure herself of these injuries." *Id.*, ¶ 13.

10. The Complaint does not explain the nature of Plaintiff's alleged injuries, nor is the amount in controversy discernible from the language in the Complaint.

11. On June 25, 2021, Walmart's counsel sent Plaintiff's counsel an email enclosing a Stipulation Regarding Plaintiff's Damages requesting that it be stipulate that Ms. Arnone's damages are less than $75,000.00. (See email and stipulation attached as Exhibit "C").  On June 25, 2021, Plaintiff's counsel advised that he is unable to stipulate that Plaintiff's damages do not exceed $75,000. (See email from Plaintiff's counsel, attached as Exhibit "D").  Plaintiff's counsel also spoke with Walmart's counsel on June 25, 2021 and advised that Ms. Arnone suffered injuries to multiple body parts, including her left knee, left elbow, left shoulder, back and neck.  Plaintiff's counsel further advised that Plaintiff has received multiple injections for pain in her lower back and that she is scheduled for another injection in the near future.  Plaintiff's counsel's office emailed Plaintiff's supporting medical records to Walmart's counsel on June 25, 2021. (See email from Plaintiff's counsel's office, attached as Exhibit "E").

12. June 25, 2021 was the first day on which Walmart received papers from which it ascertained that this matter is removable to Federal Court.  Pursuant to 28 U.S.C. § 1446(b)(3) and *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585 (D.N.J. 2016), this Notice is being filed with this Court within thirty (30) days of Defendant's first receipt "through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

13. While Walmart denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint, the injuries alleged, the details of such injures provided by Plaintiff's counsel, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

14. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Bergen County, and is being served upon Plaintiff.

16. In filing this Notice of Removal, Walmart does not waive any defects in service of process, venue or personal jurisdiction.

17. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

                SCHOEMAN UPDIKE KAUFMAN
                & GERBER LLP
                *Attorneys for Defendant Walmart Inc.*
                *(incorrectly named as Walmart Stores Inc., Wal Mart Stores East Inc., Wal-Mart Stores East I, LP and Walmart Associates Inc.)*

        By: _____
                Frank M. Golz, Jr.

Dated: July 7, 2021

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Bergen County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Walmart Inc.'s knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                      SCHOEMAN UPDIKE KAUFMAN
                                      & GERBER LLP
                                      *Attorneys for Defendant Walmart Inc.*
                                      *(incorrectly named as Walmart Stores Inc., Wal Mart*
                                      *Stores East Inc., Wal-Mart Stores East I, LP and*
                                      *Walmart Associates Inc.)*

By: _____
              Frank M. Golz, Jr.

Dated: July 7, 2021

Case 2:21-cv-13388-CCC-AME   Document 1   Filed 07/07/21   Page 6 of 6 PageID: 6

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

> James C. DeZao, Esq.
> LAW OFFICES OF JAMES C. DEZAO, P.A.
> 322 Route 46 West, Suite 120
> Parsippany, New Jersey 07054
> *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Frank M. Golz, Jr.

Dated: July 7, 2021