NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALICIA ARNONE, | : : : : : : : : : : : | **Civil Action No. 21-13388-EP-AME**<br><br>**OPINION & ORDER** |
| Plaintiff, | | |
| v. | | |
| WALMART INC., et al., | | |
| Defendants. | | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on Plaintiff's motion to substitute a party,[1] which is governed by Federal Rule of Civil Procedure 25(a), due to the death of named Plaintiff Alicia Arnone ("Alicia") [D.E. 18]. Defendants Walmart Inc., Walmart Stores Inc., Wal Mart Stores East Inc., Wal-Mart Stores East I, LP, and Walmart Associates Inc. (collectively "Defendants" or "Walmart") oppose the motion [D.E. 22] and cross-moved for sanctions for failure to provide discovery under Rule 37 [D.E. 23]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is granted and Defendants' cross-motion is denied.

**I.     BACKGROUND**

This negligence action concerns alleged injuries that Alicia suffered at a Walmart store in Garfield, New Jersey on or about June 3, 2019. The case was filed on or about May 10, 2021, in the Superior Court of New Jersey, Law Division, Bergen County, and was removed to federal court on

---

[1] Although Plaintiff's motion is labeled as a "motion to amend the complaint," it is in actuality a motion to substitute parties and the Court will consider it as such.

1

July 7, 2021. [D.E. 1]. This Court issued a Pretrial Scheduling Order on August 31, 2021, ordering that fact discovery was to be completed by April 30, 2022. [D.E. 7]. On March 2, 2022, Defendants' counsel wrote to the Court that "[d]iscovery is progressing satisfactorily. Plaintiff's deposition has not yet occurred because Defendants are still awaiting medical records from one final provider. Once those records are received, we will move forward with Plaintiff's deposition…." [D.E. 11]. Defendants' counsel also noted that an independent medical exam of Alicia had yet to be completed. *Id.* At a March 3, 2022 status conference, the parties requested and the Court granted an extension of the fact discovery deadline until June 30, 2022, which was memorialized in an Amended Scheduling Order dated March 16, 2022. [D.E. 12].

Alicia died on or about March 28, 2022. [D.E. 15]. According to Plaintiff's counsel, Defendants did not notice Alicia's deposition or an independent medical examination of her prior to her passing. [D.E. 26-1]. On April 8, 2022, Defendant's counsel filed a letter noting Alicia's death. [D.E. 13]. In an April 18, 2022 joint letter, Plaintiff's counsel indicated that he would move to substitute a party for Alicia. [D.E. 15]. Alicia's mother, Karen Lynn Arnone ("Karen"), was appointed administrator of Alicia's estate on June 6, 2022. [D.E. 26 at 3]. On June 28, 2022, Plaintiff's counsel filed a motion to substitute Karen, as administrator of Alicia's estate, as a party plaintiff to continue litigating Alicia's negligence claim against Defendants. In response, Defendants opposed the motion on futility grounds and cross-moved for discovery sanctions because, due to Alicia's death, Defendants can no longer depose her or conduct an independent medical exam of her.

## II.   DISCUSSION

### A.  Plaintiff's Motion to Substitute Parties

Motions to substitute parties are governed by Federal Rule of Civil Procedure 25, which in relevant part provides: "If a party dies and the claim is not extinguished, the court may order

substitution of the proper party" upon a motion brought by "any party or by the decedent's successor or representative . . . within 90 days of after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). The Rule was amended in 1963 to liberalize the procedure for filing a motion to substitute and thus avoid the inequity of dismissing a case as to a deceased party if substitution was not carried within a fixed period, previously measured from the time of death. *See* Fed. R. Civ. P. 25, advisory committee note of 1963; *see also In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (citing decisions by other circuit courts, including the Third Circuit, noting purpose of 1963 amendments to Rule 25). The Third Circuit has held Rule 25 should be construed liberally and applied with "flexibility" to permit substitution. *Boggs v. Dravo Corp.*, 532 F. 2d 897, 900 (3d Cir. 1976) (holding district court erred in denying motion to substitute, reasoning that "there is no question but that a timely motion brought by the Administratrix of a deceased party is within the terms of the Rule's operation."). Although the decision to substitute a party lies within a court's discretion, *see McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), Rule 25 motions to substitute should be "freely granted." *Baycol*, 616 F.2d at 783 (citing Rule 25's advisory committee note of 1963); *see also Cuoco v. Palisades Collection, LLC*, No. 13-5692, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) ("While the trial court does have the discretion to deny the motion, such a denial, without cause, is rare."). Consequently, substitution under Rule 25 should be permitted if the moving party establishes the following: (1) the motion is timely; (2) the deceased party's claims were not extinguished upon death; and (3) the person to be substituted is a proper substitution for the deceased party. *Cuoco*, 2014 WL 956229, at *3.

      Here, these three requirements for substitution are clearly satisfied. First, Plaintiff timely brought this motion on June 28, 2022, within ninety days of the filing of Defendants' April 8, 2022 letter noting Alicia's death. Second, Alicia's cause of action for negligence is not extinguished upon her death and may be pursued by her estate, pursuant to the New Jersey's Survivor's Act, N.J.S.A.

2A:15-3. The New Jersey Supreme Court has held that "the Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived," including a negligence action for personal injuries. *Smith v. Whitaker*, 160 N.J. 221, 233-34, 734 A.2d 243 (1999). Third, the administrator of Alicia's estate is a proper party to substitute her in this action. *Boggs*, 532 F.2d at 900 (finding estate's administrator was proper party for substitution under Rule 25); *Baycol*, 616 F.3d at 783 ("It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action.").

Walmart's opposition to the substitution motion ignores the applicable standard discussed above and instead argues that the amendment would be futile because "Plaintiff no longer has any direct testimony to establish the circumstance of the subject accident or Plaintiff's injuries." [D.E. 23-5 at 4]. But a purported lack of evidence is an argument to be raised on a motion for summary judgment brought under Rule 56 and is irrelevant to a motion to substitute parties. For these reasons, Plaintiff's motion will be granted.

### B. Defendants' Cross-Motion for Discovery Sanctions

Defendants have also cross-moved for sanctions under Rule 37(b)(2).[2] They argue that Walmart "was deprived of any meaningful opportunity to conduct a deposition or independent medical examination" of Alicia and that the "[f]ailure to provide discovery or attend a defense medical examination is grounds for dismissal pursuant to [Rule] 37(b)(2)." [D.E. 23-5 at 5-7]. But Defendants had over ten months to depose and examine Alicia, and there is no evidence that they ever sought to do so and were denied. To the contrary, their counsel's March 2, 2022 letter to the Court reflects that Defendants were waiting to depose Alicia. [D.E. 11]. The Court finds no

---

[2] Defendants filed their motion as a "Cross-Motion to Dismiss," but attached as their substantive argument their earlier-filed opposition to Plaintiff's Rule 25 motion. Therein, Defendants relied only on Rule 37 for relief and made no argument under Rule 12. [*See* D.E. 23-5]. On October 20, 2022, the District Court issued an order construing Defendants' motion to dismiss as a motion for sanctions under Rule 37 and referred it to this Court for disposition. [D.E. 27].

conduct by Plaintiff warranting any sanction under Rule 37(b)(2). As set forth above, Defendants may seek leave to pursue their arguments concerning the consequences of a purported lack of evidence in this case in a motion for summary judgment. In any event, because substitution is warranted and there is no basis to impose sanctions under Rule 37, Defendants' cross-motion is denied.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, this Court finds, in its discretion, that substitution of Plaintiff Alicia Arnone with Karen Lynn Arnone, as administrator of Alicia's estate, is warranted and appropriate under Rule 25(a). Defendants' cross-motion is denied. Accordingly,

**IT IS** on this on this 20th day of October 2022,

**ORDERED** that Plaintiffs' motion for substitution [D.E. 18] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 25, Karen Lynn Arnone, as Administrator of the Estate of Alicia Arnone, is substituted as a plaintiff in this action in place of Alicia Arnone; and it is further

**ORDERED** that Defendants' cross-motion for sanctions [D.E. 23] is **DENIED**.

      /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA
    United States Magistrate Judge