<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN LYNN ARNONE, AS ADMINISTRATOR OF THE ESTATE OF ALICIA ARNONE,<br><br>       Plaintiff,<br><br>       v.<br><br>WALMART INC., WALMART STORES INC., WAL MART STORES EAST INC., WAL-MART STORES EAST I, LP AND WALMART ASSOCIATES INC.,<br><br>       Defendants. | No. 21cv13388 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Karen Lynn Arnone, as Administrator of the Estate of Alicia Arnone[1] ("Arnone"), brings this negligence action against Defendants Walmart Inc., Walmart Stores Inc., Wal Mart Stores East Inc., Wal-Mart Stores East I, LP, and Walmart Associates Inc. (together, "Defendants" or "Walmart") related to Arnone's alleged slip and fall in June 2019. D.E. 1-1 ("Complaint" or "Compl."). Walmart now moves for summary judgment. D.E. 43 ("Motion" or "Mot."). The Court decides the Motion on the papers. *See* Fed. R. Civ. P. 87(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** Walmart's Motion.

---

[1] Alicia Arnone died after the Complaint was filed but before the issuance of this Opinion. Karen Lynn Arnone is the substituted Plaintiff in this action. D.E. 28.

## I.    BACKGROUND[2]

This case arises out of an alleged slip and fall at a Walmart located in Garfield, New Jersey. Compl. ¶¶ 1, 11.  Arnone allegedly slipped and fell on a "wet greasy substance" while walking toward the dairy aisle on June 3, 2019.  *Id.* ¶ 11.  Walmart store surveillance video did not capture Arnone's incident.   Defs. SOMF ¶ 22.

Lauren Morillo, a friend of Arnone, witnessed the fall and stated that Arnone was "walking towards [] the dairy section when she slipped on [the] wet floor . . . ." *Id.* ¶ 18.  As captured in the witness statement of Gresa Bozelli, a Walmart employee, Arnone's daughter stated that Arnone slipped and fell due to a "small spill on the floor." *Id.* ¶ 20.  Walmart took photographs of the area in which Arnone claims she fell.  *Id.* ¶ 21.  The parties do not dispute any material facts.  Walmart moves solely based on a legal argument.  *See* Mot. at 4.

## II.    PROCEDURAL HISTORY

Arnone filed her claim in the Superior Court of New Jersey on May 10, 2021.  Compl. Walmart removed this case to this Court on the basis of diversity jurisdiction[3] on July 7, 2021.

---

[2] Except where noted, the facts in this section are drawn from Defendants' Statement of Undisputed Material Facts, D.E. 43-3 ("Defs. SOMF") and Plaintiff's Responsive Statement of Undisputed Material Facts, D.E. 44 ("Pl. SOMF").  "Federal Rule of Civil Procedure 56.1(c)(1) provides that a party asserting a fact is (or cannot be) genuinely disputed must support the assertion by (A) 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials' or (B) 'showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" *Dor v. TD Bank*, No. 21-18955, 2023 WL 9017558, at *9 (D.N.J. Dec. 29, 2023) (quoting Fed. R. Civ. P. 56(c)(1)).  Additionally, Local Civil Rule 56.1(a) states that where parties opposing summary judgment disagree with the movant's statement of material facts, "they must indicate 'each material fact in dispute and cit[e] to the affidavits and other documents submitted in connection with the motion.'" *Id.*  Facts unsupported by citations to record are not considered.  A standalone citation to one party's Rule 56.1 statement denotes that the Court has deemed the underlying factual allegation undisputed.

[3] The Court is satisfied that diversity jurisdiction exists.  Arnone was a resident and citizen of New Jersey, and Walmart is organized under the laws of Delaware with its principal place of business

D.E. 1.  On March 28, 2022, Arnone passed away.  Defs. SOMF ¶ 7.  Karen Lynn Arnone, the administrator of Alicia Arnone's estate, was substituted as Plaintiff in this action on October 20, 2022.  D.E. 28.  Walmart now moves for summary judgment.  Mot.  Plaintiff opposes.  D.E. 44 ("Opp'n").  Walmart replies.  D.E. 45 ("Reply").

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  "A fact is material if it might affect the outcome of the case, and an issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nissan World, LLC v. Mkt. Scan Info. Sys.*, No. 05-2839, 2014 WL 1716451, at *4 (D.N.J. Apr. 30, 2014) (quoting *Anderson*, 477 U.S. at 248).  Facts and inferences must be construed in the light most favorable to the nonmoving party.  *Id.* (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).

It is the moving party's burden to establish that no genuine dispute of material fact remains.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  But where the nonmoving party "bears the burden of proof on an issue, 'the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the

---

in Arkansas.  D.E. 1 ¶¶ 6-7.  Though the Complaint does not specify the amount in controversy, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley Inc*., 989 F.2d 142, 146 (3d Cir. 1993).  Plaintiff alleges damages for bodily injury, pain and suffering, and job loss, Compl. ¶ 13, and the Court finds "that a reasonable reading of the value of the rights being litigated exceeds $75,000."  *Shaw v. Thrift Drug, Inc*., No. 98-5170, 1998 WL 848103, *2 (E.D. Pa. Dec. 4, 1998).

nonmoving party's case.'" *Nissan World*, 2014 WL 1716451, at *4 (quoting *Celotex Corp.*, 477 U.S. at 325).

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "present actual evidence that creates a genuine issue as to a material fact for trial." *Virginia St. Fidelco, L.L.C. v. Orbis Prods. Corp.*, No. 11-2057, 2016 WL 4150747, at *2 (D.N.J. Aug. 3, 2016) (citing *Anderson*, 477 U.S. at 248; Fed. R. Civ. P. 56(c)). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) and "unsupported allegations . . . and pleadings are insufficient to repel summary judgment," *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Finally, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to [its] case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Case. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex Corp.*, 477 U.S. at 322-23).

## IV.    ANALYSIS

The sole claim at issue is negligence. *See* Compl. Under New Jersey law, a plaintiff must prove four elements to succeed in a negligence action: duty, breach of duty, causation, and damages. *Davis v. Brickman Landscaping, Ltd.*, 98 A.3d 1173, 1178-79 (N.J. 2014) (internal citations omitted). In New Jersey, business owners owe invitees "a duty of reasonable or due care[.]" *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). "Ordinarily an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the

4

accident." *Id.* When, however, "a dangerous condition is likely to occur as the result of the nature of the business," plaintiffs are relieved of the burden of proving actual or constructive knowledge of the dangerous condition. *Id.* (citing *Bozza v. Vornado, Inc.*, 200 A.2d 777 (N.J. 1964)). Instead, under the "mode-of-operation" rule, the "inference of negligence thus raised shifts the burden to defendant to 'negate the inference by submitting evidence of due care.'" *Id.*

Walmart argues that Plaintiff cannot prove notice. Mot. at 6. Plaintiff counters that the mode-of-operation rule applies here and she need not establish notice. Opp'n at 11. In the alternative, Plaintiff argues that there remains a disputed issue of material fact as to Walmart's negligence. *Id.* at 20. The Court agrees with Walmart.

### A.    The Mode-of-Operation Rule Does Not Apply

Plaintiff's mode-of-operation argument relies primarily on *McCracken v. Target Corp.*, No. 09-4816, 2011 WL 1466075 (D.N.J. Apr. 18, 2011). Opp'n at 13. In *McCracken*, the court applied the rule when a customer slipped and fell on a puddle created by spilt mouthwash sold from an open display. *McCracken*, 2011 WL 1466075 at *5. The rule applied, the Court reasoned, because McCracken fell in a self-service portion of the store. *Id.* Other cases cited by Plaintiff, *see* Opp'n at 13-20, similarly applied the mode-of-operation rule in scenarios where customers were expected to serve themselves, leaving way for customer-created risks of dangerous conditions. *See, e.g., Duff v. Walmart Stores East, LP*, No. 16-1095, 2017 WL 2633567, at *3 (D.N.J. June 19, 2017) (applying mode-of-operation rule when plaintiff's legs became tangled in fishing wire and plaintiff fell in self-service section of store); *Craggan v. IKEA USA*, 332 N.J. Super. 53, 62-63 (App. Div. 2000) (applying rule where store "provid[ed] string for patrons to use to secure merchandise to a car, truck or roof," and where "patrons may be careless in the use of

the string and might be less than diligent about preventing an accumulation of string in the loading area.").

Plaintiff, however, neglects the most recent jurisprudence on the issue.  The Supreme Court of New Jersey has clarified the narrow circumstances under which courts should apply the mode-of-operation rule.  *See Jeter v. Sam's Club*, 271 A.3d 317 (N.J. 2022).  The rule only applies to self-serving settings and there must be geographical proximity between the alleged accident and the self-service area.  *Id.* at 326-27.  There must also be "a reasonable factual nexus between the self-service activity and the dangerous condition causing plaintiff's injury."  *Id.* at 327.

In *Jeter*, the mode-of-operation rule did not apply to a fall involving the sale of grapes in "closed clamshell containers."  *Id.*  As Sam's Club "permitted only the self-service sale of pre-packaged sealed grape <u>containers</u>, not grapes," customers were not "intended" to handle the grapes themselves.  *Id.* (emphasis in original).  The *Jeter* Court also "found it compelling that Sam's Club elected not to sell grapes in open-top, vented plastic bags—a method . . . [that creates a] reasonably foreseeable risk that grapes will fall to the ground."  *Id.* (citing *Nisvoccia*, 818 A.2d 314 (N.J. 2003)).

Plaintiff also analogizes to *Cuzco v. Walmart Stores, Inc.*, No. 17-7125, 2022 WL 4300183, at *5 (D.N.J. Sep. 19, 2022) because there, this Court observed that "it would take only one leaky container to create a slip-and-fall hazard."  Opp'n at 19-20.  However, that case fell "squarely into the [] category of cases where New Jersey courts have found the mode-of-operation doctrine does not apply."  *Cuzco*, 2022 WL 4300183, at *3.

Following the analysis in *Jeter*—and in *Cuzco*—the Court finds no factual nexus between Plaintiff's alleged injury and the mode-of-operation of the Walmart store.  While customers do "serve themselves with containers of milk, yogurt, [and] juice," Opp'n at 13, Walmart customers

are not invited to walk around the store with open containers of these products.  Rather, customers purchase items to be consumed later.  Much like the store in *Jeter*, here, the items are sold in sealed containers. The fact that shoppers are invited to take closed, sealed containers from the display themselves does not, by itself, create a reasonably foreseeable risk of a dangerous condition.  More to the point, Plaintiff "cannot clearly identify the substance that caused her fall."  *Bolchune v. Shop-Rite Supermarkets, Inc.*, No. A-3682-14T4, 2016 WL 4699172, at *3 (App. Div. Sept. 8, 2016).  Although Plaintiff fell by the dairy section, there is no evidence in the record that the spill actually originated from a self-service area, let alone one that is connected to Walmart's mode-of-operation.  Accordingly, the doctrine does not apply here and Plaintiff must establish notice.

### B.    The Record Does Not Establish Actual or Constructive Notice

Plaintiff must prove actual or constructive notice as an essential element of her negligence claim.  Plaintiff cannot do so.  Nothing in the record suggests Walmart had actual notice of a dangerous condition.  Plaintiff, too, fails to point to anything in the record evidencing constructive notice.

"A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'"  *Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Stores, Inc.*, 48 N.J. Super. 507, 510 (App. Div. 1957)).  Plaintiff first argues that the absence of certain evidence "does not inure in [Walmart's] favor to establish lack of notice."  Opp'n at 21.  Plaintiff then primarily cites to the Engineering Report prepared by Himad Beg, P.E., Ex. I to Mot. ("Report"), as evidence of notice.  *Id.* at 22.  Plaintiff argues that the Report "establishes a disputed issue of material fact . . . why the hazard was permitted to exist."  Opp'n at 22.  Plaintiff characterizes the Report's conclusions as "based

upon the Defendant's failure to exercise reasonable care." *Id.* But the Report does not establish how long the "condition existed" on the day in question. *Troupe*, 443 N.J. Super at 602.

Rather, the Report is based on an inspection on March 3, 2022, almost two years after Arnone's fall, and highlights an auto scrubber machine that left behind "'spots' of wet areas" on the floor. Report at 7. The aforementioned was, in the Report's conclusion, evidence that "inadequate maintenance procedures are being followed at the subject Walmart superstore." *Id.* This finding is not evidence as to the maintenance procedures—let alone the length of time the spill was on the ground—on the day in question.

Plaintiff offers no evidence as to the length of time that the hazard was present, nor offers any evidence to permit inferences of alternative ways to establish constructive notice.[4] Thus, Plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to [her] case" and "there can be 'no genuine issue of material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Katz* at 972 F.2d at 55 (quoting *Celotex*, 477 U.S. at 322-23). Accordingly, the Court will **GRANT** Walmart's Motion.

## V.    CONCLUSION

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 43. An appropriate Order accompanies this Opinion.

Dated: November 26, 2024

Evelyn Padin, U.S.D.J.

---

[4] *See, e.g., Bezglasnaya v. Trump Ent. Resorts, Inc.*, No. 11-564, 2013 WL 796308, at *4 (D.N.J. Mar. 4, 2013) (finding fact question on constructive notice due to employees' potential ability to have seen condition while working nearby).